UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

TIFFANY Y. JONES                                              CIVIL ACTION

VERSUS                                                        18-948-SDD-SDJ

MICHAELS STORES, INC.

## RULING

This matter is before the court on the *Motion to Vacate, Correct, or Modify Arbitration Award*[1] filed by Plaintiff Tiffany Y. Jones ("Jones"). Defendant Michaels Stores, Inc. ("Michaels") filed an *Opposition*.[2] Michaels filed a *Motion to Confirm Arbitration Award*,[3] to which Jones filed an *Opposition*,[4] and Michaels filed a *Reply*[5] to which Jones filed a *Sur-Reply*.[6] For the following reasons, the Court finds that Jones' *Motion to Vacate*[7] shall be DENIED and Michaels' *Motion to Confirm*[8] shall be GRANTED.

**I.    FACTS AND PROCEDURAL HISTORY**

Jones was employed with Michaels, most recently as a Recruiter in Human Resources, from November 28, 2016 until she was terminated on February 16, 2018.[9] The reason provided by Michaels for her termination was poor performance after

---

[1] Rec. Doc. 14.
[2] Rec. Doc. 16.
[3] Rec. Doc. 17.
[4] Rec. Doc. 22.
[5] Rec. Doc. 27.
[6] Rec. Doc. 28.
[7] Rec. Doc. 14.
[8] Rec. Doc. 17.
[9] Rec. Doc. 1 ¶4, 24.
60270

Page 1 of 8

being placed on a Performance Improvement Plan ("PIP").[10] After Jones' employment with Michaels was terminated, Jones initiated arbitration (the "Patterson Arbitration") against Michaels on February 23, 2018, alleging that she was wrongfully terminated in violation of Michaels' employee handbook.[11] During the course of the Patterson Arbitration, Jones filed a Charge of Discrimination against Michaels with the Equal Employment Opportunity Commission ("EEOC"), alleging race-based wrongful termination, discrimination, and retaliation claims under Title VII.[12] The EEOC issued Jones a Notice of Right to Sue on July 30, 2018.[13] Michael Patterson ("Patterson"), the arbitrator for the Patterson Arbitration, granted a motion to dismiss under Rule 12(c) on September 10, 2018 (the "Patterson Order"), finding that Jones had not alleged a contractual relationship with Michaels and thus was an employee at-will, who could be dismissed at any time for any reason without imposing liability on the employer.[14]

Subsequent to the Patterson Order, Jones instituted the present lawsuit, bringing Title VII discrimination claims against Michaels.[15] The parties agreed to stay these proceedings while pending a second arbitration for Jones' Title VII claims (the "Pilie' Arbitration").[16] The arbitrator for the Pilie' Arbitration, Denise Pilie' ("Pilie'"), granted Michaels' *Motion for Summary Judgment* on May 7, 2019, on the grounds of

---

[10] Rec. Doc. 1 at ¶24, 26.
[11] Rec. Doc. 14-1 p. 1; Rec. Doc. 16 p. 2.
[12] Rec. Doc. 14-1 p. 1-2.
[13] *Id.* at p. 2. By filing a Charge of Discrimination with the EEOC and receiving a Right to Sue letter, Jones satisfied Title VII's exhaustion requirement.
[14] Rec. Doc. 14-1 p. 1-2; Rec. Doc. 14-8 p. 1; Rec. Doc. 16 p. 2. The arbitration order was confirmed by Judge deGravelles on June 26, 2019. *See Id.*; Rec. Doc. 14-8; Rec. Doc. 16-2.
[15] Rec. Doc. 1; Rec. Doc. 14-1 p. 2; Rec. Doc. 15-1 p. 2.
[16] *See* Rec. Doc. 10; Rec. Doc. 12.

60270

*res judicata* due to the prior Patterson Arbitration (the "Pilie' Order").[17] Jones now moves to vacate this order, and Michaels moves to confirm it.

## II. LAW AND ANALYSIS

### A. Motion to Vacate Arbitration Award

Jones moves to vacate the Pilie' Order, arguing that Pilie' manifestly disregarded the law when she dismissed Jones' Title VII claims based on *res judicata*. Michaels argues that "manifest disregard of the law" is no longer an independent ground for vacatur, and even if it was, Pilie' did not manifestly disregard the law.

Under the Federal Arbitration Act ("FAA"), district courts are vested with jurisdiction to confirm arbitration awards upon application by a party to the arbitration;[18] however, this review is "extraordinarily narrow"[19] and "exceedingly deferential."[20] Section 10 of the FAA establishes four grounds for vacating an arbitration award:

> (1) Where the aware was procured by corruption, fraud, or undue means;
> (2) Where there was evident partiality or corruption in the arbitrators, or either of them;
> (3) Where the arbitrator was guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

---

[17] *See* Rec. Doc. 14-9.
[18] 9 U.S.C. § 9.
[19] *McKee v. Home Buyers Warranty Corp. II*, 45 F.3d 981, 983 (5th Cir. 1995).
[20] *Prestige Ford v. Ford Dealer Computer Servs., Inc.*, 324 F.3d 391, 393 (5th Cir. 2003) (abrogated on other grounds, *Hall St. Associates, L.L.C. v. Mattel, Inc*, 552 U.S. 576 (2008)).
60270

> (4) Where the arbitrator so exceeded his powers or so imperfectly executed them that a mutual, final, or definite award on the subject matter submitted was not made.[21]

Judge Brown of the Eastern District of Louisiana provided a succinct summary of the relationship between 9 U.S.C. § 10 and the manifest disregard standard:

> Prior to 2008, the Fifth Circuit unequivocally recognized "manifest disregard of the law" as a non-statutory basis for vacatur.
>
> However, in the 2008 case *Hall Street Associates, L.L.C. v. Mattel Inc.*, the United States Supreme Court declined to recognize "manifest disregard of the law" as a non-statutory, independent ground for vacatur. Immediately following *Hall Street*, the Fifth Circuit adopted the Supreme Court's position, stating that "to the extent that manifest disregard of the law constitutes a nonstatutory ground for vacatur, it is no longer a basis for vacating awards under the FAA."
>
> But then, in the 2010 case *Stolt-Nielsen, S.A. v. AnimalFeeds Int'l Corp.*, the Supreme Court backtracked by stating that it would "not decide today whether 'manifest disregard' survives our decision in [*Hall Street*] as an independent ground for review or as a judicial gloss on the enumerated grounds for vacatur set forth in 9 U.S.C. § 10." Following *Stolt-Nielsen*, a Circuit split has developed. The Second, Fourth, Sixth, and Ninth Circuits have recognized "manifest disregard of law" as a basis for vacatur. Whereas the Seventh and Eleventh Circuits have concluded that "manifest disregard of law" is no longer a legitimate basis for vacatur. Neither the Supreme Court nor the Fifth Circuit have clarified their position following *Stolt-Nielsen*.[22]

---

[21] 9 U.S.C. § 10(a).
[22] *Warren v. Geller*, 386 F.Supp.3d 744, 757-58 (E.D. La. 2019) (citations omitted).
60270

Page 4 of 8

Notably, Jones does not argue for application of the four statutory grounds for vacatur; rather, she only argues that Pilie' manifestly disregarded the law. Notwithstanding the applicability of this standard for vacatur, even assuming the standard applies, Jones has not demonstrated that vacatur is warranted under the facts of this case.

In Louisiana, a second action is precluded under *res judicata* when the following elements are met: (1) the judgment is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the second suit existed at the time of final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation.[23] However, there are three exceptions that preclude the application of the *res judicata* test,[24] and Jones argues that one such exception exists: when the judgment reserved the right of the plaintiff to bring another action.[25]

Jones argues that the Patterson Order reserved her right to bring another action by stating that "[t]his award is in full settlement of all claims and counterclaims submitted to this arbitration. All claims not expressly granted herein are hereby denied."[26] According to Jones, her Title VII claim was preserved by this statement because she did not submit it for consideration in the Patterson Arbitration, and by

---

[23] *Burguieres v. Pollingue*, 2002-1385 (La. 2/25/03), 843 So.2d 1049, 1053 (citing LA. REV. STAT. 13:4231).
[24] LA. REV. STAT. 13:4232.
[25] Rec. Doc. 14-1 p. 5.
[26] *Id.*; Rec. Doc. 14-8 p. 2.
60270

dismissing her arbitration case based on *res judicata*, Pilie' manifestly disregarded the law.[27] A manifest disregard of the law is:

> more than error or misunderstanding with respect to the law. The error must have been obvious and capable of being readily and instantly perceived by the average person qualified to serve as an arbitrator. Moreover, the term 'disregard' implies that the arbitrator appreciates the existence of a clearly governing principle but decides to ignore or pay no attention to it.[28]

Further:

> In order for an arbitrator to manifestly disregard the law, "the governing law alleged to have been ignored by the arbitrators must be well defined, explicit, and clearly applicable."[29]

Pilie' reviewed the elements of *res judicata* and found that Jones was unable to dispute the applicability of any of the *res judicata* elements. Further, in consideration of Jones' argument that the Patterson Order reserved her right to bring another action, Pilie' evaluated Jones' reliance upon *Terrebonne Fuel & Lube, Inc. v. Placid Refining Co.* and distinguished that case from the Jones' case, ultimately finding that "[n]o such reservation of rights pertains to this case."[30] The question before the Court under the manifest disregard standard is not whether Pilie' was correct, but only whether Pilie' understood and applied the relevant law to the facts presented to her. Here, Pilie' consulted the relevant law and analyzed the appropriate jurisprudence in reaching her conclusion that *res judicata* barred Jones' second

---

[27] Rec. Doc. 14-1 p. 5-6.
[28] *Citigroup Glob. Mkts. v. Bacon*, 562 F.3d 349, 354 (5th Cir. 2009).
[29] *Tortorich v. Musso*, 2007 WL 3244396 (E.D. La. 2007) (citing *Prestige Ford*, 324 F.3d at 395).
[30] Rec. Doc. 14-9 p. 5-6 (citing *Terrebonne Fuel & Lube, Inc. v. Placid Refining Co.*, 666 So.2d 624 (La. 1996)). Notably, Jones' own argument relies on this case. Rec. Doc. 14-1 p. 5.
60270

arbitration. Thus, there was no manifest disregard of the law in the Pilie' Arbitration, and because Jones has not argued any statutory grounds for vacatur, there is no basis for vacatur of the Pilie' Order. Consequently, Jones' *Motion to Vacate* is DENIED.

### B.  Motion to Confirm Arbitration Award

Michaels moves to confirm the Pilie' Order.[31] Jones' *Opposition* to this *Motion* is the same argument that Pilie' manifestly disregarded the law in her findings.[32] The Court has already held that Jones did not carry her burden. Moreover, the FAA at Section 9 provides that:

> [i]f the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made.[33]

Here, the arbitration agreement entered into between Jones and Michaels states that "[j]udgment on any award may be entered and enforced in any court of competent jurisdiction."[34] Because the *Motion to Confirm* was timely filed within one year of the award, the Court affirms the Pilie' Order under Section 9 of the FAA, and Michaels'

---

[31] Rec. Doc. 17.
[32] Rec. Doc. 22.
[33] 9 U.S.C. § 9.
[34] Rec. Doc. 17-4 p. 4.
60270

*Motion to Confirm* is GRANTED. The Pilie' Arbitration Award dated May 7, 2019, of which a true and correct copy is attached hereto as Exhibit A and is incorporated by reference herein, is CONFIRMED.

### III.  CONCLUSION

For the reasons set forth above, Jones' *Motion to Vacate, Correct, or Modify Arbitration Award*[35] is **DENIED** and Michaels' *Motion to Confirm Arbitration Award*[36] is **GRANTED**.

*Judgment* shall be entered accordingly.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on June 9, 2020.

*Shelly D. Dick*

**CHIEF JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[35] Rec. Doc. 14.
[36] Rec. Doc. 17.
60270